JOSEPH F. GRANT and EDWARD G. GRANT, Appellants, *v.* JOHN B. SMITH, Respondent.

*Chattel mortgage to secure an accommodation indorser — when the right to enforce the mortgage accrues.*

A firm gave to their accommodation indorser, John T. Baxter, as security and by way of indemnity, a chattel mortgage upon their stock of goods, which provided that if judgment was recovered or execution was issued against the mortgagors, or if they should sell, assign, secrete or remove any of the mortgaged property, the indebtedness should at once become due, the liability of the indorser should become fixed, and that after paying the indebtedness he should be entitled to immediate possession of the property; it further provided that if the mortgagee should at any time deem himself in danger of having to pay said indebtedness, or any part thereof, by delaying until it was due, he was authorized after paying it to take immediate possession of the property and to sell it.

The note in question was indorsed by Baxter, was discounted by a bank and was by it before maturity transferred to John B. Smith, to whom the mortgage was also assigned; thereafter a judgment was recovered against the mortgagors, and an execution was levied on the property in question.

The mortgagors were disposing of the property by sale and had given a second mortgage upon it. Smith, deeming his debt unsafe, threatened to take possession under his mortgage, whereupon this action was brought to restrain him from so doing.

*Held,* that the action could not be maintained;

That when Smith paid the bank for the note he had, within the meaning of the mortgage, paid the indebtedness, and deeming the latter unsafe had a right to enforce the mortgage, which was not merely an indemnity to the mortgagee, but also a collateral security for the payment of the debt.

APPEAL by the plaintiffs, Joseph F. Grant and another, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Cattaraugus on the 18th day of December, 1894, vacating and dissolving a temporary injunction.

*W. H. Nourse,* for the appellants.

*F. L. Eaton,* for the respondent.

Lewis, J. :

The plaintiff Joseph F. Grant made his promissory note for the sum of $107.75, payable to the order of the plaintiffs, and at their request John T. Baxter became a second indorser upon said note, and to secure Baxter against loss, damage or liability which he might sustain or incur as such indorser, the plaintiffs gave him a chattel mortgage upon their stock of goods in their store in the city of Olean.

The mortgage provided that it was given as collateral and continuing security to Baxter as indorser upon the plaintiffs' note mentioned, or any renewal or renewals thereof, and against any loss, cost, damage or other liability which he might sustain as such indorser. It further provided that if at any time during the existence of the mortgage any suit should be commenced, judgment recovered, or execution issued against the mortgagors, or if they should sell, assign, secrete or remove away any portion of the property so mortgaged, or attempt to do so, then the whole of the indebtedness, although not then due by its terms, should become immediately due and payable, and the liability of Baxter, as indorser, should thereupon become fixed, and after paying such indebtedness the said Baxter should have the right to the immediate possession of the mortgaged property.

And it further provided that if the mortgagee should at any time deem himself in danger of having to pay said indebtedness or any part thereof by delaying until the same should have become due and payable, he was authorized, after paying said indebtedness, to take immediate possession of the mortgaged property either before or after the maturity of the indebtedness, and sell the same at public or private sale and retain the proceeds thereof to the amount of the indebtedness, together with costs, etc. It further provided that the mortgagee, his heirs, executors, administrators or assigns, might purchase at such sale, etc.

The note, after the same was indorsed by Baxter, was discounted by the Exchange National Bank of Olean, and said bank, before the

note fell due, transferred the same to the defendant, and Baxter, the mortgagee, assigned the said mortgage to the defendant as security for the payment of the note. The defendant thereby became the owner of the note and the mortgage before the maturity of the note. While the note and mortgage were held and owned by the defendant a judgment was recovered against the plaintiffs for some $400 or $500, and by virtue of an execution issued thereon the goods mortgaged as aforesaid were levied upon. The plaintiffs, after giving the mortgage to Baxter, executed and delivered to another party a chattel mortgage upon their stock of goods covered by the Baxter mortgage, conditioned to pay the sum of $300.

The defendant deeming himself in danger of losing his security by delaying the enforcement of his mortgage until the note matured, threatened to take possession of the property by virtue of his mortgage, and the plaintiffs thereupon commenced this action to restrain the defendant from interfering with the mortgaged property, and obtained a temporary injunction restraining him from so doing; and, upon defendant's motion, the order appealed from was made.

There was nothing in the mortgage which affirmatively provided that the mortgagors should have the right to retain the possession of the mortgaged property until the maturity of the note.

It was made to appear pretty clearly upon the hearing of the motion that the mortgaged property was being disposed of and dissipated by the mortgagors, and that delaying the enforcement of the mortgage till the note matured would probably have resulted in the loss to the defendant of his security. It appeared from the affidavit of the mortgagors, read upon the hearing of the motion, that they had paid the larger part of the judgment recovered against them, and that they were financially responsible and were able to pay the balance of the judgment and the note in question when it matured, but they had violated the provision of the mortgage as to permitting the recovery of a judgment, and had by their subsequent mortgage transferred their interest in the property covered by defendant's mortgage, and had thereby imperilled the defendant's security.

Our attention is called by the appellants' counsel to the provision in the mortgage that the mortgagee was at liberty to take possession of the property after he should have paid the indebtedness.

It is his contention that this clause prohibited defendant from interfering with the property until he had paid the note.

The mortgage, as we have seen, provided that, if a judgment was recovered against the mortgagors, or they should sell or assign any portion of the mortgaged property, the indebtedness, although not then due by the terms of the note, should become due and payable, and the liability of the indorser should then become fixed. Under such circumstances the mortgagee was entitled to possession of the property. The defendant having paid the bank for the note and become its owner, and the mortgage having been assigned to him, he must, we think, be held to have, within the meaning of the mortgage, paid the indebtedness, as provided by the mortgage, and he having good reason to believe that his security was being imperilled, had the right to enforce the mortgage by taking possession of the property. The mortgage was not only to indemnify the mortgagee from loss or damage by reason of his indorsement, but it was also security for the payment of the note.

We fail to find any evidence tending to sustain the claim that the note was usurious. Baxter appears to have been simply an accommodation indorser, and the sums of money which the plaintiffs were shown to have paid him he received as compensation for his indorsement. Baxter was not shown to have had title to the note at any time. It had its inception in the hands of the bank.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., BRADLEY and WARD, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.